SHEILA R. SISK,                          )
                                         )
              Plaintiff,                 )
                                         )            No. 1:09-CV-220
v.                                       )            *Collier / Lee*
                                         )
                                         )
COMMISSIONER OF SOCIAL SECURITY,         )
                                         )
              Defendant.                 )

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) [Doc. 23].[1] Plaintiff has submitted an itemized record of the time spent by her counsel working on her case [Doc. 23-3]. Defendant has filed a response stating he has no objection to Plaintiff's motion.

## I.    ENTITLEMENT TO FEES

In order to recover attorney's fees under the EAJA, four conditions must be met: (1) the plaintiff must be a prevailing party; (2) the application for attorney's fees, including an itemized justification for the amount requested, must be filed within 30 days of the final judgment in the action; (3) no special circumstances warranting denial of fees may exist; and (4) the government's position must be without substantial justification. 28 U.S.C. §2412(d). *See also Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997). Here, Defendant does not dispute Plaintiff is a

---

[1] This matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b). *See In re: Referral of Social Security Cases*, SO-09-01 (Feb. 2009).

prevailing party. *See Shalala v. Shaefer*, 509 U.S. 292, 302 (1993) ("A sentence-four remand, of course, is a judgment *for* the plaintiff."). Second, Plaintiff's motion is timely. *See* Fed. R. App. P. 4(a)(1)(B), (a)(7); *Schaefer*, 509 U.S. at 298 (*quoting Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)). Third, Defendant bears the burden of proof to show his position was substantially justified, *Peck v. Comm'r of Soc. Sec.*, 165 F. App'x 443, 446 (6th Cir. 2006), and Defendant has declined to attempt any such showing. And fourth, in the absence of any opposition from Defendant, the Court finds no special circumstances warranting denial of fees. I therefore **CONCLUDE** Plaintiff is entitled to his reasonable attorney's fees. *See* 28 U.S.C. § 2412(d)(2)(A) ("'fees and other expenses' includes . . . reasonable attorney fees").

## II.    AMOUNT OF FEES

An attorney fee award under the EAJA cannot exceed $125 per hour unless justified by increases in the cost of living. 28 U.S.C. § 2412(d)(2)(A). Plaintiff seeks fees at an hourly rate of $174.24, a request she avers is proportional to the increase in the cost of living reflected in the Consumer Price Index [Doc. 23-2]. Defendant points out, however, that "[t]he proper mathematical expression in this district for calculating hourly rates for attorney work under the EAJA" is set by *Cook v. Barnhart*, 246 F. Supp. 2d 908, 910 (E.D. Tenn. 2003). According to Defendant, applying that formula here yields an hourly rate of $168. Defendant also represents that Plaintiff does not contest this calculation, which amounts to a mere $190.32 adjustment to Plaintiff's original request. Accordingly, I **RECOMMEND** Plaintiff be awarded attorney fees in the amount of $168 per hour for 30.5 hours, for a total of **$5124**. Although it appears that Plaintiff has assigned her right to any fee award to her attorneys, the fee award is payable directly to Plaintiff. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2526 (2010). Plaintiff also seeks reimbursement for the Court's $350 filing fee, and I

**RECOMMEND** she be allowed that cost. *See* [28 U.S.C. § 2412(a)(1), (d)(1)(A)](#).

## III. CONCLUSION

Accordingly, I **RECOMMEND**[2] Plaintiff's motion for attorney's fees and costs under the EAJA [Doc. [23](#)] be **GRANTED** to the extent that Plaintiff be awarded fees in the amount of **$5474**.

s/ *Susan K. Lee*
_____
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of [Rule 72(b) of the Federal Rules of Civil Procedure](#). Failure to file objections within the time specified waives the right to appeal the district court's order. *[Thomas v. Arn, 474 U.S. 140, 149 n.7 (1985)](#)*. The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *[Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986)](#)*. Only specific objections are reserved for appellate review. *[Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987)](#)*.

This document contains hyperlinks to other documents. Such links are provided for the user's convenience only, and the Court does not guarantee their functionality or accuracy. Any link which directs the user to a document other than the document cited in the text will not supersede the textual citation. The Court does not endorse the content of any document maintained by any other public or private organization.